On the following petition, filed by the counsel of Thomp-’ son, a re-hearing mas granted.
The report of‘the viewers, commences in these words, “agreeably toan order of the comity court herezditk reported, the Úndcrsigned, &c.” That order of the court zoos reported, and is found in the record, with a certificate of a justice of the peace endorsed upon it, that ho administered the oath to lBuckmcn <.•, one of the viewers,one day after the date of tno report, and six days after it appears he had performed the. duty, in the bill of exceptions, it is said, ‘-.he attorney for Crab!), read as evidence, a writ of i%od quod damnum,” inquest, and sheriff’s return (here insert them,) a* well as an order appointing viewers, report, order to summon Thompson, (hero insert all proceedings;”) and (he clerk says, “see whole record for all .proceedings.” And in the transcript <5f the record is.contained the certificate of the justice of the peace, of the qualification of each of ttie viewers, among which is that of the oath having been taken by Buckhannon as above stated.
On this stale of case, it is respectfully suggested to the court, that it may be worthy of reconsideration, whether these affidavits do not constitute a part of the record of the case. The copy of the order sent out to the viewers, is reported back by them, and is, therefore, unquestionably partof ffieir report. And are not the certificates of the affidavits endorsed upon it,a partof their report? And a part of the proceedings which are referred to in the bill of exceptions, by the comprehensive terms hero “insert all proceedings,” for which the clerk has referred to the rvhole record in which these affidavits are contained? ft would seem, th;ff under such circumstances, these certificates of the justices cannot escape the judicial notice of this court. And if noticed, they prove that the recital in the report, that the viewers had been first duly sworn, was incorrect. But there are authorities which seem to be directly in point. In the case of Elliott vs. Lewis, reported in I Marshall, 452, the certificate of the affidavits is endorsed on the report, but because it bears date three days nf- *225 ter the report is datedr the order establishing the road is reversed. In the case of Breceknridge, &c. vs. Ward, I Mon. 56, there was no bill of exceptions whatever, and the justice’s certificate of the affidavit of the viewers could have been considered a part of the record only, in consequence of its being endorsed on the copy of the orderof court, appointing the viewers, which copy of the order, the report says, is hereto annexed. And yet, this court noticed the certificate, and find that “in fact the way must have been viewed by the commissioners, not as the law requires, after they were sworn, but previous thereto,” and adjudged that the order establishing the wav^ must therefore, be reversed; and in the case of Pollard vs. Ferguson, the court take judicial notice of the affidavit, without its being made part of a bill of exceptions, or even a copy of the order of court referred to in the report, and evidently consider it a part -of the record.
Petition,
This is the language ofthe court. “It is true that a certificate from a justice of the peace appears in the .record, that they were sworn by him.”
The records of the above cases, found in the clerk’s office, are necessary to be examined to understand their application. They have been looked into by the counsel, and the court is respectfully requested to have them, before' them, if they deem the subject worthy such an attention.
I can find no case where it is said, the recital of the commissioners, that they had been sworn, is sufficient evidence of the fact. It cannot be taken, that this recital is on oath, for this would be making a-man first prove by his mere declaration, he was on oath, then afterwards, on that fact, give to his prior declaration, the effect of testimony on oath. There is no competent testimony to begin upon. Nothing to infer from that is competent. It would be just as well to presume the duty of the commissioners had been faithfully performed on their mere declarations, as to take their statement as proof that they had been sworn. They were not appointed to rep. rt that they took an oath, but to view the road after being sworn. So that their duty did not commence un *226 til they were sworn. Not until afterthey had take» the oath could they do any thing?
But be this as it may, the fact is here shewn, that the oath was not taken by Bohannon as recited, but after lie had performed the duty, which all the cases prove was too late. There are other points deemed worthy of farther decision, but they will not be •pressed at this time.